Smith, J.
We are of the opinion that the plaintiff in error was entitled to recover the amounts claimed by him in the two cases above named, being in the one case the amount of chattel taxes charged against the defendants on the tax duplicate of Hamilton county for the year 1884, together with the penalty thereon, and in the other case the amount of chattel taxes charged against them on the tax duplicates for the years 1885, 1886, 1887 and 1888, together with the penalties thereon, notwithstanding the fact that the actions to recover the same were not brought until July 17, 1895, which was more than six years after said causes of action had accrued; and notwithstanding the plea of the statute of limitations had been set up in each case by the defendants —-and therefore the court of common pleas erred in reversing the judgments which had been rendered against the defendants by the justice of the peace before whom the actions were originally brought, the sole ground of the reversal being that, in' the opinion of the court of common pleas, the action was barred by the statute of limitations.
The action was rightly brought by the treasurer under the provisions of sec. 2859, Rev. Stats., which expressly authorizes such suit “in addition to any other remedy provided by law for the collection of such personal taxes.’’ *340 Section 4981, Rev. Stats., provides that an action upon a liability created by statute other than á forfeiture or penalty must be brought within six years form the time it accrued. If therefore this statute applies to a claim like this, and when asserted by an official as was done here, the holding of the court of common pleas was correct.
But we understand it to be a settled principle of the law that statutes of limitation do not run against the state unless there is an express provision • therein that they shall do so. If there be no such express provision of statute, they do not affect the state. The question then for decision is, whether the claim asserted in these cases is one in favor of the state against these defendants. "We are of the opinion that it is. It is certainly true that a part of allthe taxes levied on the general duplicate of a county is for state purposes, and when collected must be paid into the state treasury for state purposes; and the fact that under the provisions of the statutes it is collected by a county treasurer, in no way alters this, or makes the statute of limitations operate as a bar to its recovery if suit is not brought to collect it within the time provided for the bringing of such an action by persons or corporations other than the state. If this be so, the holding of the court of common pleas that no part of the amount sued for could be recovered was erroneous.
But in our judgment the whole claim prosecuted in these cases was a claim in behalf of the state, and the whole of it stands on the same footing. Our statutes we think, clearly recognize this' doctrine. For instance, sec. 2838, Rev. Stats,, provides “that the lien of the state for taxes levied for all purposes in each year, shall attach to all real property subject to such taxes on the day preceding the second Monday of April, annually; and shall continue until such taxes with any penalty thereon shall be paid. All personal property subject to taxation shall be liable to be seiz *341 ed and sold for taxes.” Here the lien of the state is made to attach to all real property to secure the taxes levied thereon for all purposes — not simply for that part thereof levied for state purposes proper. ~ All taxes are in effect levied by the state, through different instrumentalities,and are in reality the property of 'the state when collected and until a settlement is made with the state authorities, and the amount apportioned to the proper beneficiaries; and if the taxes are not voluntarily paid, or the amount thereof realized by a sale of the delinquent lands, such lands are forfeited to the state. We see no reason from any provision of the statute to suppose that the claim of the state to the taxes on personal property until- collected and apportioned stands on any different ground. It is true that the statute authorizes the treasurer of the county to bring this action ; but he brings it for the state, and not for the county, townships, school boards or municipal corporations, who, after the taxes are collected and apportioned, will have a share thereof. If such taxes do until collected belong to the state, the fact that the legislature may have authorized a person or a particular officer to bring the action on its behalf, should not make the claim liable to b$ defeated by a plea of the statute of limitations, any more than if it were, under thejpro visions of a statute, brought in the name of the ‘ state'jjby the Attorney General, or a Prosecuting Attorney.
Wilby & Wald, contra
The final judgments of the court of common pleas in favor of the defendants below and the judgment of said court reversing the judgments of the justice of the peace will be reversed, with costs, and the case remanded to the court of common pleas for execution of this judgment.
Bendigs, Foraker & Dinsnwre, for the County Treasurer.